JAMES T. BURTON (Utah Bar No. 11875)
*jburton@kmclaw.com*
JAROD R. MARROTT (Utah Bar No. 10219)
*jmarrott@kmclaw.com*
JOSHUA S. RUPP (Utah Bar No. 12647)
*jrupp@kmclaw.com*
**KIRTON MCCONKIE**
36 South State Street, 19th Floor
Salt Lake City, Utah 84111
Telephone: (801) 328-3600
Facsimile:  (801) 321-4893

*Attorneys for Plaintiff USANA Health Sciences, Inc.*

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| USANA HEALTH SCIENCES, INC., a Utah corporation,<br><br>  Plaintiff,<br>vs.<br><br>SMARTSHAKE US, INC., a Pennsylvania corporation; DEVPAT AB, a Swedish limited company; and MIKAEL NILSSON, an individual,<br><br>  Defendants. | **COMPLAINT**<br><br>Case No.: 2:17-cv-00139-EJF<br><br>Judge: Evelyn J. Furse<br><br>**JURY TRIAL DEMANDED** |

Plaintiff USANA Health Sciences, Inc. ("USANA"), by and through its undersigned counsel of record, hereby complains against Defendants SmartShake US, Inc. ("SmartShake"), DevPat AB ("DevPat"), and Mikael Nilsson ("Nilsson") (collectively, "Defendants") as follows.

**PARTIES**

1. USANA is a Utah corporation with its principal place of business in Salt Lake City, Utah.

2. DevPat is a Swedish limited company with its principal place of business in Vasteras, Sweden.

3. SmartShake is a Pennsylvania corporation with its principal place of business in Pittsburgh, Pennsylvania. Upon information and belief, SmartShake is the U.S. arm of DevPat.

4. Nilsson is an individual living, upon information and belief, in Sweden. Nilsson is the founder of DevPat and SmartShake.

## JURISDICTION AND VENUE

5. This is a civil action arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2002, and the trademark laws of the United States, 15 U.S.C. § 1501 *et seq*. and 15 U.S.C. § 1125 *et seq*.

6. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 (federal question) and 1338(a) (trademarks).

7. This Court has personal jurisdiction over Defendants as they have purposefully directed threatening communications into this district which have reasonably caused USANA to believe that a trademark infringement suit will imminently follow if USANA continues to sell its USANA MySmart brand protein shake mix products.

8. The Court further has specific jurisdiction over Defendants as Defendants' SmartShake products are sold directly into and available to be purchased in this district,

including at smartshake.com and amazon.com, and at Walmart, GNC, Vitamin Shoppe, 24 Hour Fitness, among other places.

9. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) as Defendant directed the threats of trademark infringement complained of herein in this District.

## FACTUAL BACKGROUND

### USANA and its USANA MySmartShake Shake Products

10. USANA is a Utah business located in Salt Lake City.

11. USANA manufactures highly-rated and effective nutritional supplements, diet and energy products, personal care (hair, skin, and body), and other healthcare products throughout the world

12. USANA's products are sold through a direct selling method as opposed to sales in a fixed retail location. Indeed, USANA is heavily involved in direct selling associations, including in the United States and throughout the world.

13. Among other product offerings, USANA offers its unique USANA MySmart brand protein shake mix products to consumers.

14. USANA MySmart brand protein shake mix products are designed with simple and pure ingredients, providing a macronutrient balance.

15. USANA MySmart brand protein shake mix products are customizable, including multiple protein bases, flavor optimizers, and boosters.

**Defendants' Trademarks and Bottles**

16.     Nilsson is the owner of United States Trademark Registration No. 4,199,080 (the "'080 Mark") for SMARTSHAKE.  *See* Exhibit 1.  The '080 Mark is registered in International Class 21 (housewares) and is limited to non-electric food, beverage, and drink mixers for household, kitchen, domestic, or outdoor uses; bottles; containers for household or kitchen use; and sports bottles.

17.     DevPat is the owner of United States Trademark Registration No. 4,871,259 (the "'259 Mark") for SMARTSHAKE.  *See* Exhibit 2.  The '259 Mark is registered in International Class 21 (housewares) and is limited to non-electric food blenders and containers for household purposes; shakers; foodstuffs; and plastic bottles.

18.     DevPat is the owner of United States Trademark Registration No. 4,929,699 (the "'699 Mark") for SMARTSHAKE.  *See* Exhibit 3.  The '699 Mark is registered in International Class 21 (housewares) and is limited to non-electric food blenders and containers for household purposes; shakers; foodstuffs; and plastic bottles.

19.     The '080, '259, and '699 Marks are referred to collectively as "Defendants' Marks."

**Defendants' Repeated Threats of Trademark Infringement Against USANA**

20.     Defendants have repeatedly threatened USANA with causing consumer confusion with Defendants' Marks by USANA's use of the USANA MySmart brand protein shake mix products, starting in July 2016 and continuing since.

21. Defendants threats of trademark infringement creates a justiciable controversy regarding USANA's right to use and market its USANA MySmart brand protein shake mix products free of any allegation by Defendants that such use constitutes trademark infringement of Defendants' Marks.

**FIRST CLAIM FOR RELIEF**
**Declaratory Judgment of Non-Infringement of United States Trademark No. 4,199,080**

22. USANA reincorporates all previous paragraphs as if set forth fully herein.

23. Nilsson is the owner of the '080 Mark.

24. Defendants accuse USANA of infringing the '080 Mark and have threatened to bring a lawsuit against USANA.

25. USANA has not and does not infringe the '080 Mark.

26. An actual and justiciable controversy exists between USANA and Defendants regarding the alleged infringement of the '080 Mark.

27. USANA is entitled to a declaration that it does not infringe the '080 Mark.

**SECOND CLAIM FOR RELIEF**
**Declaratory Judgment of Non-Infringement of United States Trademark No. 4,871,259**

28. USANA reincorporates all previous paragraphs as if set forth fully herein.

29. DevPat is the owner of the '259 Mark.

30. Defendants accuse USANA of infringing the '259 Mark and have threatened to bring a lawsuit against USANA.

31. USANA has not and does not infringe the '259 Mark.

32. An actual and justiciable controversy exists between USANA and Defendants

regarding the alleged infringement of the '259 Mark.

33. USANA is entitled to a declaration that it does not infringe the '080 Mark.

### THIRD CLAIM FOR RELIEF
**Declaratory Judgment of Non-Infringement of United States Trademark No. 4,929,699**

34. USANA reincorporates all previous paragraphs as if set forth fully herein.

35. DevPat is the owner of the '699 Mark.

36. Defendants accuse USANA of infringing the '699 Mark and have threatened to bring a lawsuit against USANA.

37. USANA has not and does not infringe the '699 Mark.

38. An actual and justiciable controversy exists between USANA and Defendants regarding the alleged infringement of the '699 Mark.

39. USANA is entitled to a declaration that it does not infringe the '699 Mark.

### FOURTH CLAIM FOR RELIEF
**Declaratory Judgment of Invalidity and Cancellation
of United States Trademark No. No. 4,199,080**

40. USANA reincorporates all previous paragraphs as if set forth fully herein.

41. The '080 Mark is invalid and should be cancelled as it is being used by Defendants to exclude USANA's lawful use of the USANA MySmart brand protein shake mix products name.

42. Furthermore, and pursuant to 15 U.S.C. § 1064 and §1119, Defendants' '080 Mark should be declared invalid and ordered cancelled as it is generic and/or lacks the necessary distinctiveness to legally function as a trademark under applicable United States law.

**FIFTH CLAIM FOR RELIEF**
**Declaratory Judgment of Invalidity and Cancellation**
**of United States Trademark No. No. 4,871,259**

43.     USANA reincorporates all previous paragraphs as if set forth fully herein.

44.     The '259 Mark is invalid and should be cancelled as it is being used by Defendants to exclude USANA's lawful use of the USANA MySmart brand protein shake mix products name.

45.     Furthermore, and pursuant to 15 U.S.C. § 1064 and §1119, Defendants' '259 Mark should be declared invalid and ordered cancelled as it is generic and/or lacks the necessary distinctiveness to legally function as a trademark under applicable United States law.

**SIXTH CLAIM FOR RELIEF**
**Declaratory Judgment of Invalidity and Cancellation**
**of United States Trademark No. No. 4,929,699**

46.     USANA reincorporates all previous paragraphs as if set forth fully herein.

47.     The '699 Mark is invalid and should be cancelled as it is being used by Defendants to exclude USANA's lawful use of the USANA MySmart brand protein shake mix products name.

48.     Furthermore, and pursuant to 15 U.S.C. § 1064 and §1119, Defendants' '080 Mark should be declared invalid and ordered cancelled as it is generic and/or lacks the necessary distinctiveness to legally function as a trademark under applicable United States law.

**PRAYER FOR RELIEF**

WHEREFORE, USANA prays for judgment as follows:

A. For an order declaring that USANA does not infringe Defendants' Marks;

B. For an order declaring that Defendants' Marks are invalid;

C. For an order, pursuant to 15 U.S.C. § 1119, to rectify the Principal Register of the United States Patent and Trademark Office ("USPTO") cancelling each of Defendants' Marks, and such order certified to the Director of the USPTO, who shall make the appropriate entry upon the records of the USPTO;

D. For an order that USANA may lawfully sell its USANA MySmart brand protein shake mix products;

E. For an order that this case is an exceptional case and an award of USANA's attorneys' fees and costs under 15 U.S.C. § 1117; and

F. That USANA be granted such other and further relief as the Court may deem just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

USANA hereby demands trial by jury as to all issues in this action triable by jury.

DATED this 24th day of February, 2017.

        Respectfully Submitted,

        KIRTON McCONKIE

        By /s/ James T. Burton
           James T. Burton
           Jarod R. Marrott
           Joshua S. Rupp

        *Attorneys for Plaintiff USANA Health Sciences, Inc.*