IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| USANA HEALTH SCIENCES, INC., <br><br> Plaintiff, <br> v. <br><br> SMARTSHAKE US, INC., a Pennsylvania corporation; DEVPAT AB, a Swedish limited company; and MIKAEL NILSSON, an individual, <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING [19] MOTION TO DISMISS** <br><br> Case No. 2:17-cv-00139-DN <br><br> District Judge David Nuffer |

Defendants SmartShake US, Inc. ("SmartShake"), DevPat AB ("DevPat"), and Mikael Nilsson ("Nilsson"), collectively "Defendants," filed a Motion to Dismiss[1] Plaintiff USANA Health Sciences, Inc.'s ("USANA") Complaint.[2] In its Complaint, USANA seeks declaratory judgment that its USANA MYSMART mark does not infringe on DevPat's three SMARTSHAKE registered trademarks.[3] Additionally, USANA seeks declaratory judgment of invalidity and cancellation of the three SMARTSHAKE trademarks.[4]

In the Motion to Dismiss, Defendants argue that the Complaint should be dismissed in its entirety under Rule 12(b)(1) of the Federal Rules of Procedure due to lack of subject matter jurisdiction.[5] Alternately, Defendants argue that the Complaint against SmartShake and Nilsson

---

[1] Defendants' Motion to Dismiss ("Motion to Dismiss"), docket no. 19, filed April 17, 2017.

[2] Docket no. 2, filed February 24, 2017.

[3] Complaint at ¶¶ 16–18, 22–39.

[4] *Id.* at ¶¶ 40–48.

[5] Motion to Dismiss at 15–18.

should be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.[6]

After consideration of the written submissions of the parties, Defendants' Motion to Dismiss the Complaint in its entirety pursuant to Rule 12(b)(1) is GRANTED. Because this case is dismissed for a lack of subject matter jurisdiction, it is unnecessary to reach Defendants' 12(b)(6) arguments.

**TABLE OF CONTENTS**

Background ........................................................................................................................... 2
Standard of Review .............................................................................................................. 6
Discussion ............................................................................................................................ 6
    There Is No Subject Matter Jurisdiction over USANA's Claims ....................................... 7
        USANA's Suit Is Not Based on an "Actual Controversy" ................................. 7
        USANA Engaged in Procedural Fencing ............................................................... 9
    USANA's Claim for Relief is Moot ....................................................................... 12
Order    ……………………………………………………………………………………16

**BACKGROUND[7]**

USANA is a Utah corporation that manufactures nutritional supplements, diet and energy products, personal care, and other healthcare products.[8] DevPat is a Swedish company that manufactures a line of drinking bottles, shakers, and food containers that it ships to and offers for sale in the United States under the SMARTSHAKE brand.[9] DevPat owns three trademarks in relation to its SMARTSHAKE mark.[10] SmartShake is a Pennsylvania corporation that acts as the

---

[6] Motion to Dismiss at 18–20.

[7] The allegations provided in this section were derived from USANA's Complaint and the parties' briefing and attached exhibits. *See* Standard of Review Section, *infra*.

[8] Complaint at ¶¶ 1, 10–11.

[9] Motion to Dismiss at 6–7.

[10] Complaint at ¶¶ 16–18. In its complaint, USANA asserts that Nilsson is the owner of one of the trademarks. However, Defendants have provided sufficient evidence to show that Nilsson sold his interest in the trademark to DevPat in March, 2014. *See* Declaration of Stephen R. Barrese, Esq. in Support of Defendants' Motion to Dismiss ("Barrese Declaration"), ¶7 , [docket no. 20](), filed April 17, 2017; Barrese Declaration, Exhibit A, 4, 6, [docket no. 20-1](), filed April 17, 2017.

"U.S. arm" of DevPat.[11] Nilsson is a resident of Sweden who, according to USANA, is the founder of DevPat and SmartShake.[12]

Among its wide array of goods, USANA sells a line of protein shake products that it previously offered under a mark titled "MYSMARTSHAKE."[13] DevPat became aware of USANA's use of the MYSMARTSHAKE mark in June of 2016 when USANA's products were featured on *The Dr. Oz Show*.[14] Believing that USANA's MYSMARTSHAKE mark created consumer confusion with DevPat's SMARTSHAKE brand, DevPat sent two cease and desist letters to USANA in July and September of 2016.[15] In both letters, DevPat expressed its preference to "resolve this issue amicably, perhaps possibly based on a business relationship."[16] USANA responded to DevPat's letters in October of 2016 and likewise communicated its commitment to resolve the matter amicably.[17]

As a result, USANA and DevPat entered into negotiations.[18] On January 4, 2017, USANA communicated to DevPat that it was "working on changing labelling (packaging and published marketing) to make sure there is a clear distinction" between DevPat's and USANA's products.[19] On January 17, 2017, USANA sent DevPat its proposed repackaging, which DevPat

---

[11] Complaint at ¶ 3. Defendants deny this claim, however, they do not provide any clarifying information as to the relationship between DevPat and SmartShake. Motion to Dismiss at 19.

[12] Complaint at ¶ 4.

[13] Motion to Dismiss at 7.

[14] *Id.*; Barrese Declaration at ¶ 11.

[15] Plaintiff USANA Health Services, Inc.'s Memorandum in Opposition to Defendants' Motion to Dismiss ("Memorandum in Opposition"), Exhibit 6, docket no. 38-6, filed May 16, 2017; Memorandum in Opposition, Exhibit 7, docket no. 38-7, filed on May 16, 2018.

[16] Memorandum in Opposition, Exhibit 6 at 3; Memorandum in Opposition, Exhibit 7 at 2.

[17] Memorandum in Opposition, Exhibit 8, 3, docket no. 38-8, filed on May 16, 2017.

[18] Barrese Declaration at ¶ 14; Memorandum in Opposition at 4.

[19] Barrese Declaration, Exhibit H, docket no. 20-8, filed April 17, 2017.

accepted.[20] The proposed packaging displayed the USANA MYSMART label and no longer utilized the MYSMARTSHAKE mark.[21] Following the agreement on USANA's revised packaging, USANA and DevPat continued to negotiate additional settlement terms—including what to do with USANA's remaining inventory that displayed the allegedly infringing MYSMARTSHAKE mark.[22]

On February 15, 2017, DevPat sent an email to USANA stating, in relevant part:

> I have not heard back from you on that or in weeks. I would appreciate a response as soon as possible. I think all parties would like to settle this amicably but if communication is cut off, *I have been given instructions to file an action in Federal court*.[23]

Following this email, it appears that negotiation continued. Six days later, on February 21, 2017, USANA contacted DevPat inquiring whether and to what amount DevPat expected to be compensated should USANA proceed to sell its remaining inventory that still carried the MYSMARTSHAKE mark and whether DevPat would be willing to enter into a licensing agreement.[24] The following day, on February 22, DevPat replied stating that given the size of the remaining inventory, it did not believe that a seven figure number was unreasonable and that it had not considered a licensing agreement because USANA had previously informed DevPat that it was not interested in one.[25] On February 23, counsel for USANA replied: "I need to discuss

---

[20] Barrese Declaration at ¶ ¶ 16, 19–20; Barrese Declaration, Exhibit J, docket no. 20-10, filed on April 17, 2017.

[21] Barrese Declaration, Exhibit J. USANA MySmart is a trademark that USANA had previously registered in 2015. *See* Memorandum in Opposition, Exhibit 1, docket no. 38-1, filed on May 16, 2017.

[22] *Id.* at ¶ 20; Barrese Declaration, Exhibit K, 3, docket no. 20-11, filed on April 17, 2017.

[23] Memorandum in Opposition, Exhibit 10, docket no. 38-10, filed on May 16, 2017 (emphasis added).

[24] Barrese Declaration, Exhibit 11, 3, docket no. 20-11, filed on April 17, 2017.

[25] *Id.*

this with our Executive team, but unfortunately, they are tied up in a VP retreat through tomorrow afternoon. I'll get back to you as soon as I can."[26]

USANA filed for declaratory relief in this case the next day on February 24, 2017.[27] In its Complaint, USANA sought declaratory judgment that the revised packaging that carried the USANA MYSMART mark does not infringe DevPat's three SMARTSHAKE trademarks.[28] Additionally, USANA sought declaratory judgement of invalidity and cancellation of DevPat's three SMARTSHAKE trademarks.[29] Other than in a headnote in the "factual background" section,[30] USANA made no mention of its prior use of the MYSMARTSHAKE mark or product inventory in its Complaint.

On April 20, 2017, DevPat sued USANA in the United States District Court for the Southern District of New York.[31] In its suit, DevPat asserted that USANA's use of the MYSMARTSHAKE mark infringed on DevPat's SMARTSHAKE trademarks.[32] DevPat explicitly stated in its Complaint that USANA's revised USANA MYSMART mark does not infringe upon DevPat's SMARTSHAKE mark.[33] Additionally, on May 29, 2017, DevPat executed a unilateral covenant not to sue over the USANA MYSMART mark.[34]

---

[26] *Id.*

[27] Complaint.

[28] Complaint at ¶¶ 16–18, 22–39.

[29] *Id.* at ¶¶ 40–48.

[30] *Id.* at 3.

[31] Memorandum in Opposition, Exhibit 9 ("S.D.N.Y. Complaint"), docket no. 38-9, filed May 16, 2017. Case No. 1:17-cv-02858-JGK.

[32] *Id.* at ¶¶ 46–51.

[33] *Id.* at ¶ 44.

[34] Reply Memorandum, Exhibit A ("Covenant "), docket no. 42-1, filed May 30, 2017.

## STANDARD OF REVIEW

Due to the limited scope of federal jurisdiction, federal courts do not presume jurisdiction.[35] Rather, the burden of proof falls upon the party asserting federal jurisdiction.[36] Motions to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) generally take two forms.[37] A party may either (1) challenge the sufficiency of the complaint through a "facial attack on the complaint's allegations" or (2) "go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends."[38] The Defendants' current Motion falls into the latter category. The complaint's factual allegations are no longer presumed to be true and reference to evidence outside of the pleadings is appropriate.[39]

## DISCUSSION

Defendants assert that there is no subject matter jurisdiction over USANA's claims under the Declaratory Judgment Act.[40] Alternately, Defendants argue that USANA's case is moot due to the unilateral covenant not to sue over the USANA MYSMART trademark that DevPat executed on May 29, 2017.[41] Either ground provides a sufficient basis upon which to grant Defendants' Motion to Dismiss.

---

[35] *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1016 (10th Cir. 2013) (quoting *Marcus v. Kansas Dep't of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999)).

[36] *Id.*

[37] *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995).

[38] *Id.* at 1002–03.

[39] *Id.*

[40] Although Defendants do not explicitly refer to the Act, they do cite to cases that interpret the Act. *See* Motion to Dismiss at 11.

[41] Motion to Dismiss at 16 n.5; Reply Memorandum in Support of Defendants' Motion to Dismiss ("Reply Memorandum"), 5–6, docket no. 42, filed May 30, 2017; Covenant at 2–3.

## There Is No Subject Matter Jurisdiction over USANA's Claims

The Declaratory Judgment Act states, in relevant part: "In a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."[42] As such, a plaintiff seeking declaratory judgment must meet two requirements. The plaintiff must first "present the court with a suit based on an 'actual controversy,' a requirement the Supreme Court has repeatedly equated to the Constitution's case-or-controversy requirement."[43] "Second, even where a constitutionally cognizable controversy exists, the Act stipulates only that the district courts "may"—not "must"—make a declaration on the merits of that controversy; accordingly . . . district courts are entitled to consider a number of case-specific factors in deciding whether or not to exercise their statutory declaratory judgment authority."[44] USANA's complaint does not present an actual controversy and this court's discretion is best exercised to decline to hear the case.

### USANA's Suit Is Not Based on an "Actual Controversy"

"A declaratory judgment 'controversy' . . . requires no greater showing than is required for Article III."[45] It must be (1) "definite and concrete, touching the legal relations of parties having adverse legal interests," (2) "real and substantial," and (3) "admit of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts."[46] In other words, "the question in each case is

---

[42] 28 U.S.C. § 2201(a).

[43] *Surefoot LC v. Sure Foot Corp.*, 531 F.3d 1236, 1240 (10th Cir. 2008).

[44] *Id.*

[45] *Id.* at 1241.

[46] *Id.* at 1244 (quoting *MedImmune, Inc. v. Genetach, Inc.*, 549 U.S. 118, 127 (2007) (internal quotations omitted)).

whether the facts alleged, under the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."[47]

USANA argues this standard is easily satisfied in the current case because DevPat not only threatened to file suit in federal court in an email sent on February 15, 2017, but has also since acted on that threat by filing an action in the Southern District of New York.[48] However, USANA fails to distinguish between the controversy arising from its use of the MYSMARTSHAKE mark and the lack of controversy about its use of the USANA MYSMART mark.

An actual controversy exists between the parties regarding USANA's use of the MYSMARTSHAKE mark. DevPat issued two cease and desist letters shortly after it became aware of USANA's use of the mark. Additionally, the threat to pursue litigation in federal court that USANA points to in the February 15 email was aimed towards USANA's use of the MYSMARTSHAKE mark, not the USANA MYSMART mark. DevPat sent the email after the parties had already agreed that USANA would cease using the MYSMARTSHAKE mark and replace it with the USANA MYSMART mark. At that point, the only thing left to be negotiated was how to treat USANA's inventory that still carried the allegedly infringing MYSMARTSHAKE mark. The email states that DevPat had not heard from USANA for some time and expressed its desire to still resolve the situation amicably, but also informed USANA that DevPat had given counsel permission to file suit in federal court if further communication was cut off.[49] Nothing indicates that DevPat made this alleged threat as a result of USANA's

---

[47] *Id.* (quoting *MedImmune*, 549 U.S. at 127).

[48] Memorandum in Opposition at 7–8.

[49] Memorandum in Opposition, Exhibit 10 at 2.

planned use of the USANA MYSMART mark. Rather, context suggests it was made in relation to the inventory that still carried the MYSMARTSHAKE brand.

Finally, the pending suit that DevPat initiated in the Southern District of New York further bolsters the conclusion that there is no "actual controversy" between the parties regarding the USANA MYSMART mark. DevPat's S.D.N.Y. Complaint alleges that USANA's MYSMARTSHAKE mark infringes on DevPat's SMARTSHAKE trademarks.[50] DevPat's Complaint explicitly states that the subject of USANA's Complaint, the USANA MYSMART mark, does not infringe on DevPat's trademarks: "the revised mark . . . does not infringe Plaintiff's MYSMARTSHAKE® Trademark. . . . [T]he "USANA MYSMART" mark was never alleged to be infringing, or threatened with suit, but to the contrary was approved for use by Plaintiff."[51] USANA has not countered this assertion. And now, DevPat has provided a covenant not to sue over the USANA MYSMART mark.

For these reasons, the parties do not have "adverse legal interests" concerning USANA's use of the USANA MYSMART mark on the packaging and marketing of its protein shake products. The parties appear to agree that the USANA MYSMART mark does not infringe DevPat's registered trademarks.

**USANA Engaged in Procedural Fencing**

Although a finding that a case lacks an "actual controversy" is sufficient to dismiss a complaint seeking declaratory relief,[52] USANA's Complaint would warrant dismissal even if the requisite controversy had been present.

---

[50] S.D.N.Y Complaint at ¶¶ 46–51.

[51] *Id.* at ¶ 44.

[52] *See Columbian Fin. Corp. v. Bancinsure, Inc.*, 650 F.3d 1372, 1385 (10th Cir. 2011) (finding that a district court lacked subject matter jurisdiction based on a lack of actual controversy between the parties).

"[T]he district court is not obliged to entertain every justiciable declaratory claim brought before it. The Supreme Court has long made clear that the Declaratory Judgment Act 'gave the federal courts competence to make a declaration of rights; it did not impose a duty to do so.'"[53] In determining whether to hear a case seeking declaratory judgment, courts may consider a number of case-specific factors, including:

> [1] whether a declaratory action would settle the controversy; [2] whether it would serve a useful purpose in clarifying the legal relations at issue; [3] whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to *res judicata* "; [4] whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and [5] whether there is an alternative remedy which is better or more effective.[54]

Assuming that USANA had presented an "actual controversy" surrounding the USANA MYSMART mark, the first, second, and fourth factors may have tilted in favor of USANA—however, this is speculative. Regardless, the third factor—which considers whether the plaintiff has engaged in "procedural fencing"—carries considerable weight in the current case.

*Buzas Baseball Inc. v. Bd. of Regents of Univ. Sys. of Georgia*[55] is remarkably similar to the present case. In *Buzas*, an "actual controversy" existed between the parties regarding the plaintiff's use of the "Buzz" mark.[56] The parties had engaged in negotiations and at one point the plaintiff had agreed that it would discontinue using "Buzz" in its name and logo, and was leaning towards rebranding itself as "Beezz."[57] The defendant had presented plaintiff with a written

---

[53] *State Farm Fire & Gas Co. v. Mhoon*, 31 F.3d 979, 982 (10th Cir. 1994) (quoting *Pub. Affairs Assocs, Inc. v. Rickover*, 369 U.S. 111, 112 (1962).

[54] *Id.* at 983 (quoting *Allstate Ins. Co. v. Green*, 825 F,2d 1061, 1063 (6th Cir. 1987).

[55] 189 F.3d 477 (10th Cir. 1999).

[56] *Id.* at *1.

[57] *Id.*

settlement agreement to which plaintiff never responded.[58] Instead, plaintiff filed suit seeking declaratory judgment in Utah federal district court eleven days after receiving the written settlement proposal.[59] Defendant initiated a trademark infringement action in Georgia federal district court approximately three weeks later.[60]

The Utah district court dismissed plaintiff's declaratory judgment action, finding that plaintiff had filed the action in anticipation of the Georgia lawsuit and had never informed the defendant that its proposal was unacceptable.[61] The Tenth Circuit affirmed the district court's dismissal of the case, stating that "[a] district court may decline to follow the first-to-file rule and dismiss a declaratory judgment action if that action was filed for the purpose of anticipating a trial of the same issues in a court of coordinate jurisdiction."[62]

As in *Buzas*, USANA and DevPat were still engaged in ongoing negotiations at the time that USANA initiated the present suit. USANA had already agreed to replace the MYSMARTSHAKE with the USANA MYSMART mark in the marketing and on the packaging of its protein shake products. At that point, all that was left to negotiate were details such as what was to be done with USANA's remaining inventory that carried the allegedly infringing mark. That issue is not raised in this case. There is also no indication that USANA informed DevPat that they had reached an impasse prior to seeking declaratory judgment. Furthermore, DevPat filed suit alleging trademark infringement by the MYSMARTSHAKE products in the Southern District of New York approximately two months later.

---

[58] *Id.*

[59] *Id.*

[60] *Id.*

[61] *Id.* at *2.

[62] *Id.* at *3.

USANA does point to the email that DevPat sent on February 15 to suggest that negotiations had broken down prior to it initiating the current action.[63] It is true that DevPat did state it might file suit in federal court if communication ceased between the parties.[64] However, this argument ignores the subsequent emails sent between the parties on February 21–23. The final communication that USANA sent February 23rd to DevPat prior to filing the present action on February 24th stated: "I need to discuss this with our Executive team, but unfortunately, they are tied up in a VP retreat through tomorrow afternoon. I'll get back to you as soon as I can."[65] This does not suggest that negotiations had broken down when USANA filed suit the following day. Under cover of waiting for a retreat to end, this case was filed.

USANA engaged in "procedural fencing" when it filed declaratory action. The third factor therefore weighs heavily in favor of the Defendants.

Additionally, the fifth factor also weighs heavily in favor of the Defendants. The disclaimer in the DevPat S.D.N.Y. Complaint of any claim against the USANA MYSMART mark, and the unilateral covenant not to sue that DevPat executed on May 29, 2017, have mooted the current action. This is discussed in further detail, *infra*.

For these reasons, Defendants' Motion to Dismiss would have been granted even if there was an "actual controversy" between the parties regarding the USANA MYSMART mark.

## USANA's Claim for Relief is Moot

Alternately, mootness forms another ground upon which Defendants' Motion to Dismiss may be granted.

---

[63] Memorandum in Opposition at 9.
[64] Memorandum in Opposition, Exhibit 10 at 2.
[65] Barrese Declaration, Exhibit K at 2.

"[A]n actual controversy must exist not only at the time the complaint is filed, but through all the stages of the litigation."[66] The doctrine of "[s]tanding concerns whether a plaintiff's action qualifies as a case or controversy when it is filed; [the doctrine of] mootness ensures it remains one at the time a court renders its decision. . . . Failure to satisfy the requirements of either doctrine places a dispute outside the reach of the federal courts."[67] Therefore, "[n]o matter how vehemently the parties continue to dispute the lawfulness of the conduct that precipitated the lawsuit, the case is moot if the dispute is no longer embedded in any actual controversy about the plaintiff's particular legal rights."[68]

A defendant may moot a case by voluntarily ceasing the challenged conduct, however, the defendant still "bears the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur" before a court will declare the case to be moot.[69] Otherwise, "a defendant could engage in unlawful conduct, stop when sued to have the case declared moot, then pick up where he left off, repeating this cycle until he achieves all his unlawful ends."[70] Where declaratory judgments are implicated, a defendant may sometimes meet this standard by executing a satisfactory covenant not to sue.[71]

In the present action, DevPat argues that even if USANA's Complaint presented an "actual controversy," the controversy was mooted by the unilateral Covenant Not to Sue

---

[66] *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (quoting *Alvarez v. Smith*, 558 U.S. 87, 92 (2009)).

[67] *Brown v. Buhman*, 822 F.3d 1151, 1163–64 (10th Cir. 2016).

[68] *Already*, 568 U.S. at 91 (quoting *Alvarez v. Smith*, 558 U.S. 87, 93 (2009))..

[69] *Id.* (quoting *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 190 (2000)).

[70] *Id.*

[71] *Id.* at 94–95 ("The case is moot if the court, considering the covenant's language and the plaintiff's anticipated future activities, is satisfied that it is 'absolutely clear' that the allegedly unlawful activity cannot reasonably be expected to recur.").

("Covenant") that DevPat executed on May 29, 2017.[72] The Covenant includes a broad promise not to assert trademark infringement against USANA for its use of the USANA MYSMART mark:

> DevPat for and on behalf of itself, parents, subsidiaries, divisions, related companies, affiliated companies, licensees, independent contract manufacturers, assigns, and/or other related business entities as well as any of their predecessors, successors, directors, officers, employees, agents, distributors, attorneys, representatives, and employees of such entities, hereby unconditionally and irrevocably covenants to refrain from making any claim(s) or demand(s), or from commencing, causing, or permitting to be prosecuted any action in law or equity, against USANA or any of its parents, subsidiaries, divisions, related companies, affiliated companies, licensees, independent contract manufacturers, assigns, and/or related business entities and all customers of each of the foregoing (whether direct or indirect), on account of any possible cause of action based on or involving trademark infringement, unfair competition, or dilution, under state or federal law in the United States relating to the SMARTSHAKE® Trademark based on USANA's current and/or previous use of the USANA MYSMART mark in commerce before or after the Effective Date of this Covenant.[73]

This Covenant has features that are very similar to the covenant not to sue at issue in *Already, LLC v. Nike*,[74] which the Supreme Court held sufficiently met the standard to moot the action seeking declaratory judgment of trademark non-infringement.[75] Both covenants are "unconditional and irrevocable,"[76] prohibit the executing parties from making "any claim *or* demand"[77] implicating the challenged trademark, and reach beyond the party in the lawsuit to protect numerous associated entities such as its distributors and customers.[78]

---

[72] Motion to Dismiss at 16 n.6; Reply Memorandum at 4–6.

[73] Reply Memorandum, Exhibit A at 3.

[74] 568 U.S. 85 (2013).

[75] *Id.* at 94–95.

[76] *Id.* at 93.

[77] *Id.*

[78] *Id.*

14

Therefore, based on the Covenant, Defendants DevPat, SmartShake,[79] and Nilsson[80] cannot assert trademark infringement against USANA for its use of the USANA MYSMART mark now or in the future. This action no longer presents an "actual controversy" for purposes of Article III because "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."[81]

---

[79] SmartShake, as "the U.S. arm of DevPat"—whatever that formal relationship might be— is covered by the Covenant's broad language which binds DevPat's "parents, subsidiaries, divisions, related companies, affiliated companies, licensees, independent contract manufacturers, assigns, and/or other related business entities." Covenant at 3.

[80] Defendants have provided strong evidence to suggest Nilsson no longer holds an enforceable interest in any of the three SMARTSHAKE trademarks. USANA has shown that Nilsson at one time owned United States Trademark Registration No. 4,199,080. *See* Complaint, Exhibit 1, docket no. 2-1, filed on February 24, 2017. However, Defendants have provided evidence that Nilsson sold whatever interest he did have in the aforementioned trademark to DevPat on March 12, 2014. Barrese Declaration, Exhibit A, docket no. 20-1, filed on April 17, 2017. Regardless, although Nilsson's current relationship to DevPat is unclear, as DevPat's founder, he is covered by the Covenant's broad language which binds DevPat's "directors, officers, employees, agents, distributors, attorneys, representatives." Complaint at ¶ 4; Covenant at 3.

[81] *Already*, 568 U.S. at 91 (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982)).

## ORDER

For the reasons stated herein, it is hereby ORDERED that Defendants' Motion to Dismiss[82] is GRANTED. USANA's First through Third claims for declaratory judgment on trademark non-infringement, in the Complaint,[83] are DISMISSED WITH PREJUDICE. USANA's Fourth through Sixth claims for trademark invalidity in the Complaint,[84] are DISMISSED WITHOUT PREJUDICE.[85]

Dated June 5, 2018.

BY THE COURT:

David Nuffer
United States District Judge

---

[82] Docket no. 19, filed April 17, 2017.

[83] Docket no. 2, filed February 24, 2017.

[84] *Id.*

[85] Plaintiff's Fourth through Sixth claims for Declaratory Judgment of Invalidity and Cancellation of Trademark Nos. 4,199,080; 4,871,259; and 4,929,699 are invalidity claims which will be at issue in Case No. 1:17-cv-02858-JGK in the Southern District of New York.